## UNITED STATES DISTRICT COURT
## IN THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Board of Trustees of The Ohio
Laborers' Fringe Benefit Programs,

       Plaintiff,

v.

       Judge Graham
       Magistrate Judge Abel

Genesis Contracting, Inc.,       Case No.  2:14-cv-399

       Defendant.


## STIPULATED PROTECTIVE ORDER

The parties, by and through their respective counsel of record, and pursuant to Federal Rules of Civil Procedure 26 and 45, stipulate to the Court's entry of the following Protective Order of confidentiality during the course of these proceedings:

1. This Protective Order shall govern the use of documentation or other information which either party determines and believes in good faith to contain financial information and/or proprietary business information ("Confidential Information").  This Protective Order does not apply to documents which have been submitted to a governmental entity as a public record, including, but not limited to, certified payrolls submitted by the Defendant in connection with a public project.

2. Confidential Information shall be designated as "Confidential" or "Produced Pursuant to Protective Order" by a notation on the face of the document, or by any other written or recorded method reasonably designed to notify other parties that the information or document has been designated as Confidential Information and is subject to the terms of this Order.

3. All Confidential Information provided by either party shall be used only for the purpose of the above-captioned lawsuit and for no other purpose whatsoever, nor may such information be disclosed to any other person except as provided herein.

4. In the event that counsel for any party determines to file with, or submit to the Court, any material designated as "Confidential" or "Produced Pursuant to Protective Order" or any papers revealing such information, such documents shall be filed in a sealed envelope bearing the caption for this action, the words "Confidential" and a statement in substantially the following form:

> This envelope contains documents that are subject to an Order entered by the Court in this action governing discovery and the use of confidential discovery material. The envelope shall not be opened nor the contents thereof displayed or revealed except by Order of the Court. Violation thereof may be regarded as contempt of the Court.

5. Except as hereinafter provided, Confidential Information furnished to any party shall not be shown to, discussed with, or otherwise disclosed by the party receiving such material to any person or entity other than the following, and then only for the purposes of this litigation:

   a) The Court and any employees of the Court designated by the Court (including jurors), subject to the right of the parties to object to such disclosure;

   b) Counsel for the parties to this action who are signatories to this Protective Order, including counsel's legal associates, paralegals, clerical and other support staff or services;

   c) Independent outside consultants and expert witnesses retained by the parties who are signatories to this Protective Order, and their staffs, employed or retained by the party receiving such material or its counsel for the purposes of assisting such party and/or its attorneys in this litigation, provided that disclosure is made on the conditions specified in Paragraph 6, below.

6. Every individual designated in Paragraph 5(c) above, to whom such Confidential Information is given, shown, or otherwise disclosed, shall be required to sign an affidavit of Confidentiality in the form as follows:

> "The undersigned has read the Protective Order dated or about August 27, 2014 and agrees: (1) that s/he shall fully abide by the terms thereof; (2) that s/he shall not disclose the Confidential Information to or discuss the Confidential Information with any person who is not authorized pursuant to the terms of said Order to receive the disclosure thereof and who has not signed the affidavit of confidentiality as therein provided; and (3) that s/he shall not use such Confidential Information for any purpose other than for the purposes of this lawsuit."

7. The attorneys for the respective litigants shall maintain a file of affidavits executed by all such persons designated in Paragraph 5(c). Affidavits signed by testifying experts shall be provided to counsel for the parties when experts are disclosed. Affidavits signed by non-disclosed consultants shall be provided to counsel for the parties upon termination of this litigation, whether by judgment, settlement or otherwise. Affidavits signed by non-disclosed consultants shall not be available to adverse litigants, their attorneys, or others except upon a showing of good cause made upon application to the Court.

8. The inadvertent failure to designate information as "Confidential" or "Produced Pursuant to Protective Order" in accordance with this Order shall not preclude designating information as "Confidential" or "Produced Pursuant to Protective Order" at a later date.

9. If Confidential Information is used or refereed to during depositions, counsel for either party may require that only authorized persons, the court reporter, and the camera operator (if the deposition is videotaped) shall be present for the portion of the deposition dealing with Confidential Information. Counsel for any party may state on the record at the deposition that the deposition includes information claimed to be Confidential Information. The counsel who asserts that information disclosed during the deposition is Confidential Information shall then

designate, by page and line, the portions for which such claim is made after receipt of the completed deposition transcript, and given written notice of this designation to the court reporter and all other parties after the receipt of the completed deposition transcript.  The designation shall be placed on the first page in the original transcript and all copies of the deposition by the court reporter and by counsel for the parties.

10. Confidential Information may be introduced into evidence at trial, if otherwise admissible, provided that the party seeking to do so shall give sufficient advance notice to the Court and to the parties to allow arrangements to be made, if necessary, for *in camera* treatment of the Confidential Information.

11. The production or disclosure of any Confidential Information by the parties shall not be construed to be a waiver, in whole or in party, of the parties' claim of confidentiality.

12. If the parties produce multiple identical copies of a document (but with different bates numbers) and one has not been designated as confidential, all identical copies shall be treated according to the most restrictive designation.

13. The inadvertent disclosure of any documents, information, or testimony protected by the attorney-client privilege and/or work product doctrine shall not be construed to be a waiver, in whole or in part, of the parties' claim to privilege; nor shall any discrete waiver of privilege constitute a general waiver of privilege or protection.  Any documents or information inadvertently produced and all copies and records thereof shall be returned immediately to counsel for the respective party.

14. All Confidential Information shall be returned to the attorney for the respective party within 30 days after the conclusion of this lawsuit and no copies thereof shall be retained by any other person, including attorneys.  If applicable, counsel for a party shall certify to

counsel for the other party that any notes or transcriptions made from or concerning the Confidential Information have been destroyed.

15. No action or the failure to take any action on the part of either party, and nothing contained herein shall be interpreted as a waiver of any claim, defense or objection by that party.

16. The parties may request that the Court modify or otherwise grant relief from any provision of this Order.  Nothing in this Order shall operate as an admission by any party that any particular document is, or is not, admissible in evidence at the trial of this action.

17. In the event of any breach by any party of this Order, the parties hereto agree that the aggrieved party shall be entitled to equitable relief.

18. The failure of any party or non-party to insist in any one or more instances upon performance of any terms or conditions of this Protective Order shall not be construed as a waiver of future performance of any term, covenant or condition and the obligations of the parties or non-parties with respect thereto shall continue in full force and effect.

19. The Protective Order shall be governed and construed in accordance with the laws of the State of Ohio.

20. This Protective Order may be executed by the parties in counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

21. This Protective Order shall be binding upon any future parties to this litigation.

22. This Court shall retain jurisdiction in this case for the purpose of enforcing the provisions of this Protective Order.

[The Signature Page Follows]

IT IS SO ORDERED.

s/Mark R. Abel
United States Magistrate Judge

Approved as to form and substance:

| ROBISON, CURPHEY & O'CONNELL | BALL & TANOURY, ATTORNEYS AT LAW |
|---|---|
| *s/ Lisa L. Nagel*_____ | *s/ Steven L. Ball* |
| Lisa L. Nagel | Steven L. Ball |
| Attorney for Defendant Genesis Contracting, Inc. | Attorney for Plaintiff |
| Four Seagate, Ninth Floor | 1010 Old Henderson Road – Suite 1 |
| Toledo, OH  43604 | Columbus, OH 43220 |
| (419)-249-7900 | (614) 447-8550 |
| lnagel@rcolaw.com | sball@balltanourylaw.com |